## UNITED STATES COURT OF INTERNATIONAL TRADE

_____

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | : | |
| TURTLE ISLAND RESTORATION | : | Court No.:  14-00157 |
| NETWORK, and NATURAL RESOURCES | : | BEFORE:  HON. MARK A. BARNETT |
| DEFENSE COUNCIL, | : | |
| | : | |
| Plaintiffs; | : | |
| v. | : | |
| | : | |
| PENNY PRITZKER, Secretary of Commerce; | : | |
| NATIONAL MARINE FISHERIES | : | |
| SERVICE; JACOB LEW, Secretary of the | : | |
| Treasury; JEH JOHNSON, Secretary of | : | |
| Homeland Security; and the UNITED | : | |
| STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

_____

## AMENDED SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL

The Parties, Center for Biological Diversity, Turtle Island Restoration Project, and Natural Resources Defense Council (Plaintiffs) and Secretary of Commerce Penny Pritzker, the National Marine Fisheries Service, Secretary of the Treasury Jacob Lew, Secretary of Homeland Security Jeh Johnson, and the United States of America (collectively the United States), by and through their undersigned counsel, state as follows:

WHEREAS, on July 2, 2014, Plaintiffs filed a Complaint seeking declaratory and injunctive relief against the United States;

WHEREAS, Plaintiffs and the United States, through their authorized representatives, without any admission of legal fault or error, and without final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement resolving this action;

WHEREAS, the Parties agree that settlement is an appropriate way to resolve this dispute;

THE PARTIES THEREFORE STIPULATE AS FOLLOWS:

1.      The United States shall adhere to the following schedule:

(A) **On or before August 1, 2015**, the United States shall submit to the Federal Register for publication a proposed rule implementing Marine Mammal Protection Act (MMPA) section 101(a)(2), 16 U.S.C. § 1371(a)(2), for fish and fish products which the United States concludes are subject to section 101(a)(2) or shall publish notice of its intent not to promulgate a final rule; and

(B) **On or before August 15, 2016**, the United States shall submit to the Federal Register for publication a final rule implementing MMPA section 101(a)(2) for all fish and fish products which the United States concludes are subject to section 101(a)(2) or shall publish notice that the United States shall not publish a final rule.

2.      In the event that the United States fails to meet the deadlines identified in Paragraph 1, after meeting and conferring (either telephonically or in person) with the United States at the earliest possible time in a good faith effort to resolve the claim before seeking relief from the Court, Plaintiffs' first remedy shall be a motion to enforce the terms of this Stipulation.

3.      Upon approval of this Stipulation by the Court, Plaintiffs' Complaint shall be dismissed with prejudice.

4.      Nothing in this Stipulation precludes Plaintiffs from challenging the United States' final MMPA section 101(a)(2) rule as described in Paragraph 1(B) of this Stipulation or the implementation of that final rule, or from otherwise challenging implementation or failure to implement MMPA section 101(a)(2) following the issuance of the final rule or any notice

described in Paragraph 1(B) of this Stipulation.  The United States does not waive any applicable defense in such a suit; and

5.      Nothing in this Stipulation precludes Plaintiffs from filing suit challenging implementation or failure to implement MMPA section 101(a)(2) for the importation of fish or fish products caught in the habitat of the vaquita (*Phocoena sinus*) any time after publication of the proposed rule or provide the notice described in Paragraph 1(A) of this Stipulation.  The United States agrees they will not raise this Stipulation and Settlement as a defense in any such litigation; however, the United States does not waive any other defense.

6.      No provision of this Stipulation shall be interpreted as, or constitute, a commitment or requirement that the United States take action in contravention of the MMPA, the Administrative Procedure Act (APA), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the United States by the MMPA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

7.      Nothing in this Stipulation shall be construed to constitute an admission of any issue of fact, law, or liability by any of the Parties.  Except as expressly provided in this Stipulation, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have.

8.      Each Party shall bear its own fees and costs associated with this litigation.

9.      Nothing in this Stipulation shall be interpreted as, or shall constitute, a requirement that the United States is obligated to pay any funds exceeding those available, or

take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10.     The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of this Stipulation and do hereby agree to the terms herein.

11.     The terms of this Stipulation constitute the entire agreement of the Parties, and no statement, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced.  Except as expressly stated herein, this Stipulation supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matters discussed herein.

        Dated:          August 1, 2016.

                                        Respectfully submitted,

                                         s/ Sarah Uhlemann
                                        SARAH UHLEMANN
                                        Senior Attorney
                                        Center for Biological Diversity
                                        2400 NW 80th Street, #146
                                        Seattle, WA 98117
                                        Phone: (206) 327-2344
                                        Email:  suhlemann@biologicaldiversity.org

                                        *Attorney for Plaintiffs*

                                        BENJAMIN C. MIZER
                                        Principal Deputy Assistant Attorney General

                                        JEANNE E. DAVIDSON
                                        Director

                                         s/ Patricia M. McCarthy
                                        PATRICIA M. McCARTHY
                                        Assistant Director

_s/ Stephen C. Tonisini, by Douglas G. Edelschick_
STEPHEN C. TOSINI
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-5196
Email:  stephen.tosini@usdoj.gov

*Attorneys for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
        JUDGE MARK A. BARNETT
United States Court of International Trade